Jose Klein, OSB 083845
jose@kleinmunsinger.com
Ann Marie Schott, OSB 174614
annmarie@kleinmunsinger.com
KLEIN MUNSINGER LLC
1215 SE 8th Ave Ste F
Portland, OR 97214-3497
(503) 568-1078
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DEE COOK**, an individual,<br><br>                     Plaintiff,<br><br>    v.<br><br>**HD INDUSTRIES LLC d/b/a HOME INSTEAD SENIOR CARE #805**, an Oregon limited liability company,<br><br>                     Defendant. | Case 3:20-cv-1484<br><br>**COMPLAINT**<br><br>1. Violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*;<br>2. FLSA Liquidated Damages, 29 U.S.C. § 216;<br>3. Failure to Pay Wages; Oregon Penalty Wages, Or. Admin. R. 839-020-0041; Or. Rev. Stat § 653.261; Or. Rev. Stat § 652.140; Or. Rev. Stat § 652.150.<br>4. Breach of Contract<br><br>**DEMAND FOR JURY TRIAL** |

## I.    NATURE OF THE ACTION

1.    This is an action including counts for unpaid overtime wages and liquidated damages under the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201 *et seq.*;), for unpaid wages and civil penalty wages pursuant to Oregon law (Or. Admin.

R. 839-020-0041; Or. Rev. Stat § 653.261; Or. Rev. Stat § 652.140; Or. Rev. Stat § 652.150), and for breach of contract.

## II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331. Jurisdiction for overtime wage claims exists under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Jurisdiction also exists under 28 U.S.C. § 1337 for claims arising under a federal statute regulating commerce.

3. This Court has jurisdiction over Plaintiff's state law claims pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a). Both the federal and state claims alleged herein arose from a common nucleus of operative fact, the state action is so related to the federal claim that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

4. Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district.

## III. PARTIES

5. Plaintiff **DEE COOK** is a competent adult individual residing at all material times in Clackamas County, Oregon, who worked for Defendant from on or about December 6, 2019 until on or about May 19, 2020. At all material times, Plaintiff was an "employee" as defined by 29 U.S.C. § 203(e).

6. Defendant **HD INDUSTRIES LLC d/b/a HOME INSTEAD SENIOR CARE #805** ("Home Instead") is an Oregon limited liability company with a principal place of business in Beaverton, Oregon. Defendant is an "employer" within the meanings of 29 U.S.C. § 203(d) and Or. Rev. Stat. § 659A.001(4) for purposes of the claims alleged herein.

## IV.   FACTUAL ALLEGATIONS

7. Home Instead is a franchise of Home Instead Senior Care, a for-profit nursing care enterprise that provides in-home senior care services.

8. In December of 2019, Home Instead acquired and succeeded another senior home care provider, Mary's Woods. Before the acquisition, Mary's Woods employed Plaintiff. Following the acquisition, Home Instead employed Plaintiff until her employment ended on May 19, 2020.

9. For her work as a Scheduling Coordinator and Client Care Manager, Home Instead paid Plaintiff at the regular hourly rate of $20 per hour, and at the overtime rate of $30 per hour for hours Plaintiff worked beyond forty per week. Home Instead also agreed to compensate Plaintiff for on-call time, first at the same rate her former employer paid ($100 per week) and then, beginning in January of 2020, at the rate of $75 for each evening shift and $15 for each weekend hour that Plaintiff spent on-call.

10. During her employment, Plaintiff worked at least 40 hours per week, and often worked overtime hours to fulfill her work duties.

11. In addition, Home Instead required Plaintiff to remain on-call for an average of 123 hours per week (weekdays from 5:00 PM-8:00 AM and throughout weekends). During that on-call time, Plaintiff was required to, among other things, answer calls, provide customer service to Home Instead clients, schedule caregivers, conduct care consultations with potential clients, and occasionally cover caregiving shifts for employees who were unable to work.

12. Because she needed to be close enough to Home Instead to provide shift coverage, she was not able to leave the area during on-call time. Plaintiff regularly received calls in the early morning or late evening hours that required her to perform work for the company and interfered with her ability to sleep, travel, or otherwise use her time as she desired.

13. On May 19, 2020, Plaintiff's employment ended. On that date, Plaintiff received a paycheck that was erroneous in several regards. First, the check included compensation for Plaintiff's regular and overtime hours for the period of May 1-15, 2020, but did not include payment for her regular and overtime hours worked May 16, 17, and 18. Second, the check was post-dated for May 22, 2020, three days after the date that Home Instead decided Plaintiff's employment would officially end. Finally, the check did not include any compensation for time Plaintiff had spent on-call or engaged to wait during the forgoing months of employment.

14. Using her company email account, Plaintiff immediately emailed Home Instead's Finance Director Althea Jones to ask whether the May 22 check included payment for her work on May 16-18. Plaintiff also requested full compensation for the hours she was on-call for Home Instead, but for which she had never been compensated by the company. Ms. Jones did not substantively respond, and Plaintiff thereafter lost access to her company email account.

15. On or around June 16, 2020, Plaintiff received a certified letter from Home Instead enclosing a check in the amount of $800 minus regular withholdings. According to the letter, the check was intended to compensate Plaintiff for all of her unpaid on-call wages at a rate of "$200 per [biweekly] pay period for the following dates: 3/23, 4/08, 4/23, and 5/08, 2020."

16. Like Plaintiff's May 22 check, the June 16 check was erroneous in several regards. First, the amount of $200 of on-call compensation per pay period was inconsistent with Home Instead's contractual agreement to pay Plaintiff $75 for each evening shift and $15 for each weekend hour that Plaintiff spent on-call, an amount that would total $22,042.50. The check amount was also far below the prevailing minimum overtime wage rate of $18.75 per hour ($12.50 x 1.5), and also far below Plaintiff's regular overtime rate of $30 per hour for hours worked beyond forty per week.

17. In addition, the check labeled "payroll correction – final paycheck" arrived a full 28 days after Plaintiff's employment ended, in violation of Or. Rev. Stat. § 652.140. Finally, the check failed to compensate Plaintiff for the regular and overtime hours Plaintiff worked on May 16, 17, and 18, 2020.

18. As a result of Defendant's unlawful actions, Plaintiff has been forced to retain legal counsel and incur legal costs and fees to obtain redress of her rights under the law.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### FLSA Overtime Wages (29 U.S.C. § 207)

19. Plaintiff realleges and incorporates the allegations contained in paragraphs 1-18 as though fully set forth herein.

20. At all relevant times the business operated by Defendant was a nursing care enterprise subject to the provisions of the FLSA, 29 U.S.C. § 201 *et seq*. Alternatively, at all relevant times the business operated by Defendant received annual revenues in excess of $500,000 per year and was thus subject to the provisions of the FLSA, 29 U.S.C. § 201 *et seq*. Alternatively, Plaintiff engaged in interstate commerce in the performance of her duties as an employee of Defendant and Defendant is therefore subject to the provisions of the FLSA, 29 U.S.C. § 201 *et seq*.

21. Plaintiff worked a total of 2,395 unpaid hours in excess of 40 per week for Defendant.

22. Defendant has violated Section 7 of the FLSA, 29 U.S.C. § 207; 29 CFR § 778.107 by employing Plaintiff in an enterprise engaged in commerce for workweeks longer than 40 hours without compensating Plaintiff for all hours worked in excess of 40 at a rate equal to at least one and one-half times her regular rate of pay.

23.     Plaintiff is entitled to compensation for each hour she worked beyond 40 per week. The total amount owed is $71,850.00 or such sum as might be established at trial, together with her reasonable attorney fees, reasonable expert witness fees, and costs incurred pursuant to 29 U.S.C. § 216.

## SECOND CLAIM FOR RELIEF

### FLSA Liquidated Damages (29 U.S.C. § 216.)

24.     Plaintiff realleges and incorporates the allegations contained in paragraphs 1-23 as though fully set forth herein.

25.     Defendant has violated Section 7 of the FLSA, 29 U.S.C. § 207; 29 CFR § 778.107 by employing Plaintiff in an enterprise engaged in commerce for workweeks longer than 40 hours without compensating Plaintiff for all her hours worked in excess of 40 at a rate equal to at least one and one-half times her regular rate of pay.

26.     Consequently, Plaintiff is entitled to liquidated damages in an amount equal to her unpaid wages under 29 U.S.C. § 216(b), as well as to her reasonable attorney fees and costs incurred.

## THIRD CLAIM FOR RELIEF

### Failure to Pay Wages; Civil Penalties (Oregon law)

### Count 1

**(Or. Admin. R. 839-020-0041; Or. Rev. Stat. § 653.261; Or. Rev. Stat. § 652.150)**

27.     Plaintiff realleges and incorporates the allegations contained in paragraphs 1-26 as though fully set forth herein.

28.     Under Or. Rev. Stat. § 652.140, Defendant was required to pay Plaintiff all wages due upon the termination of her employment.

29.     Pursuant to Or. Admin. R. 839-020-0041, Plaintiff was on-call or engaged to wait during each hour in which Plaintiff was unable to use the time

effectively for her own purposes. Defendant was required to compensate Plaintiff for all hours worked, including the hours Plaintiff spent on-call or engaged to wait.

30. Pursuant to Or. Rev. Stat. § 653.261, Defendant was required to compensate Plaintiff at a rate of one and one half times her regular rate of pay for each hour Plaintiff worked beyond forty per week.

31. Defendant failed to pay Plaintiff at a rate of one and one half times her regular rate of pay for each hour Plaintiff was on-call or engaged to wait for work beyond 40 per week. Plaintiff is entitled to recover from Defendant unpaid overtime wages in an amount estimated to be no less than $71,850.00. In the alternative, Defendant failed to pay Plaintiff minimum overtime wages owed, at the prevailing rate of $18.75 ($12.50 x 1.5) per hour, for all hours Plaintiff was on-call or engaged to wait for work beyond 40 per week. Plaintiff is entitled to recover from Defendant unpaid overtime wages in an amount estimated to be no less than $45,187.50.

32. Defendant failed to pay Plaintiff all wages due upon her termination. Defendant's behavior in failing to pay Plaintiff was willful. Plaintiff provided written notice of nonpayment with allegations of fact sufficient for Defendant to estimate the amounts owed more than 30 days prior to filing this action. Accordingly, pursuant to Or. Rev. Stat. § 652.150, Plaintiff is entitled to recover civil penalty wages in an amount to be determined at trial but estimated to be not less than $4,800.00.

33. Plaintiff is also entitled to recover her costs, disbursements, and attorney fees pursuant to Or. Rev. Stat. § 653.055(4) and Or. Rev. Stat. § 652.200(2).

### Count 2

**(Or. Rev. Stat. § 652.140; Or. Rev. Stat. § 652.150)**

34. Plaintiff realleges and incorporates the allegations contained in paragraphs 1-33 as though fully set forth herein.

35. Upon her termination and continuing thereafter, Defendant failed to compensate Plaintiff for the regular and overtime hours Plaintiff worked on May 16,

17, and 18, 2020. Plaintiff estimates the amount owed for those hours to be not less than $1,440.00. Defendant' behavior in failing to pay those wages was willful.

36. Plaintiff provided written notice of nonpayment with allegations of fact sufficient for Defendant to estimate the amounts owed more than 30 days prior to filing this action. Accordingly, in addition to the wages owed and pursuant to Or. Rev. Stat. § 652.150, Plaintiff is entitled to recover civil penalty wages in an amount to be determined at trial but estimated to be not less than $4,800.00.

37. Plaintiff is also entitled to recover her costs, disbursements, and attorney fees pursuant to Or. Rev. Stat. § 653.055(4) and Or. Rev. Stat. § 652.200(2).

## FOURTH CLAIM FOR RELIEF

### Breach of Contract

38. Plaintiff realleges and incorporates the allegations contained in paragraphs 1–43 as though fully set forth herein.

39. Plaintiff and Defendant had an enforceable contract in which Defendant promised to pay Plaintiff at the rate of $75 for each evening shift and $15 for each weekend hour that Plaintiff spent on-call beginning in January of 2020.

40. Pursuant to that contract, Defendant owes Plaintiff $22,042.50 for the evening shifts and weekend hours that Plaintiff spent on-call during her employment since January 1, 2020.

41. Defendant breached its agreement with Plaintiff by failing to compensate Plaintiff for her evening and weekend on-call hours, and Plaintiff is entitled to recover damages she sustained due to Defendant's breach.

## VI.    JURY TRIAL DEMAND

42. Plaintiff demands a jury trial on all claims and issues triable to a jury.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the court assume jurisdiction of this cause and enter judgment as follows:

a. On Plaintiff's First Claim, in favor of Plaintiff and against Defendant, in the amount of $71,850.00 or such other sum as may be established, together with her costs and attorney fees;

b. On Plaintiff's Second Claim, in favor of Plaintiff and against Defendant, in the amount of $71,850.00 or such other sum as may be established, together with her costs and attorney fees;

c. On Plaintiff's Third Claim, in favor of Plaintiff and against Defendant, in the amount of $87,840.00 or such other sum as may be established, together with her costs and attorney fees;

d. On Plaintiff's Fourth Claim, in favor of Plaintiff and against Defendant, in the amount of $22,042.50 or such other sum as may be established, as well as a declaration that Defendant breached its contract with Plaintiff;

e. Award pre-judgment and post-judgment interest on all amounts awarded as consistent with applicable law; and

f. Order all such other relief for Plaintiff as this Court may deem just and proper.

DATED: August 31, 2020						KLEIN MUNSINGER LLC

							*s/Jose Klein*
							Jose Klein, OSB 083845
							jose@kleinmunsinger.com
							Ann Marie Schott, OSB 174614
							annmrie@kleinmunsinger.com

							Attorneys for Plaintiff